United States Court of Appeals
Fifth Circuit

F I L E D

July 9, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 07-40087
Summary Calendar

_____

SETH T. DYRCZ,

Plaintiff-Appellant

v.

GRAHAM BROTHERS OF LONGVIEW, LLC
d/b/a GRAHAM CENTRAL STATION, OF
LONGVIEW; LONGVIEW CLUB ENTERPRISES,
INC. d/b/a GRAND CENTRAL STATION,
LONGVIEW; LONGVIEW ENTERPRISES LTD,

Defendants-Appellees

_____

Appeal from the United States District Court
for the Eastern District of Texas
(2:05-CV-476)

_____

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Seth T. Dyrcz appeals from the take-nothing

judgment as a matter of law entered by the district court against Dyrcz

following a personal injury jury trial in which Dyrcz was awarded $40,724.60

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

for physical impairment and $10,000 for physical pain and mental anguish, reduced by 40% for his contributory negligence. The basis for the post-verdict take-nothing judgment was a Release and Assumption of Risk executed by Dyrcz immediately prior to a "Dodge Ball Contest," expressly releasing, indemnifying, and holding harmless Graham Central Station Longview, its partners, agents, and employees, from any responsibility or liability for personal injury incurred in participating in the dodge ball contest in question.

We have carefully reviewed the record on appeal in this case, and the law and evidence pertaining to the validity and extent of coverage of the Release and Assumption of Risk signed by Dyrcz, as well as his testimony and stipulation regarding the circumstances of the execution of that instrument and his knowledge, appreciation, and understanding of its contents and purposes. Based on this review, we are convinced that the district court correctly granted the motion of Defendant Longview Enterprises, Ltd. for a judgment as a matter of law, for the reasons cogently set forth in the court's Memorandum Order signed November 13, 2006.

AFFIRMED.