ACCEPTED
14-15-00378-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
5/12/2015 6:28:41 PM
CHRISTOPHER PRINE
CLERK

## NO. 14-15-00378-CV

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
5/12/2015 6:28:41 PM
CHRISTOPHER A. PRINE
Clerk

In the Fourteenth District Court of Appeals
Houston, Texas

KHYATI UNDAVIA, MINU RX, LTD., AND MINU GP, LLC
Appellants,

v.

AVANT MEDICAL GROUP, P.A., D/B/A INTERVENTIONAL SPINE ASSOCIATES, AND
BRETT L. GARNER, D/B/A ALLIED MEDICAL CENTERS
Appellees.

On Application for Permissive Interlocutory Appeal from the
152nd Judicial District Court, Harris County, Texas
Trial Court Cause No. 2014-22186

**APPELLANTS' REPLY TO APPELLEES' RESPONSE
TO APPELLANTS' PETITION FOR PERMISSIVE
INTERLOCUTORYAPPEAL**

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Appellants, Khyati Undavia, Minu RX, Ltd., and MINU GP, LLC file this

Reply to Appellee's Response to Appellants' Petition for Permissive Appeal and

would respectfully show the Court as follows:

i

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

REPLY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      I.      The Controlling Question Of Law Does Not
              Require Resolution Of Any Disputed Agent-Principal
              Relationships or Involve Ordinary Questions of Agency . . . . . . . . . . 1

      II.    This Appeal Would Materially Advance the Ultimate
              Termination of the Litigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATION OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

*Dyrcz v. Longview Enterprise, Ltd.*, 2:05-CV-476, 2006 WL 3289046, at *1 (E.D.
   Tex. Nov. 13, 2006), aff'd sub nom. *Dyrcz v. Graham Bros. of Longview, LLC*,
   234 Fed. Appx. 236 (5th Cir. 2007) ........................................................................6

*Vera v. North Star Dodge Sales, Inc.*, 989 S.W.2d 13, 18
 (Tex. App.—San Antonio 1998, no pet.).............................................................5, 6

*Winkler v. Kirkwood Atrium Office Park*, 816 S.W.2d 111, 114
 (Tex. App.—Houston [14[th]] 1991, writ denied) ..................................................4, 5

In response to Appellants' Petition for Permissive Appeal, Appellees assert several different arguments, including that (1) there is no controlling issue of law because there are "disputed facts"; (2) that this case only involves ordinary principles of agency law which are not subject to grounds for substantial disagreement; and (3) this appeal will not materially advance the ultimate termination of this case because disputed questions of fact will still remain. These arguments are without merit.

I.    **The Controlling Question Of Law Does Not Require Resolution Of Any Disputed Agent-Principal Relationships or Involve Ordinary Questions of Agency**

Appellees' first argument is that Appellants' petition should be denied because:

> The entirety of Appellants' position hinges on the existence of agency relationships between the Appellees and the signatories of the Release.

(See Appellees' Response to Appellant's Petition for Permissive Appeal, ¶ 4). In Appellees' view, these "disputed questions of fact" preclude this Court's ability to grant Appellants' permission to appeal. Appellees' contention mischaracterizes the controlling question of law and its reliance on the facts of this case.

In their petition, Appellants identified the controlling question of law as "whether a plaintiff not specifically named, but nonetheless encapsulated by the

1

categories of defined persons or parties in a release, is so connected to the subject matter giving rise to the release and to the signatories of a release that it, too, is bound by the release." Appellants' Petition at 12. Necessarily, in executing a broad-form release in which a party releases not simply its own claims but also those claims belonging to its "officers, directors, shareholders, successors, agents, assigns, employees, servants, partners, heirs, and attorneys," that party intends to release claims belonging to these third-parties. Otherwise, that language is rendered meaningless. To what extent are these third-parties released?

Appellees contend that in order to resolve that question, the Court must not only examine the scope of the agency relationship between the signatory and the agent but must also determine whether the agent has expressly and affirmatively authorized the principal to release that specific claim. In fact, with regard to the latter, Appellees contend that this examination is a fact question for the jury to decide.

First, Appellees' response completely ignores and concedes Appellants' the main controlling issue of law: the extent to which an unnamed plaintiff is bound by a mutual release. Appellants cited this Court to numerous cases that extended the protections of a release to an unnamed defendant. Highlighting the utter absence of case law addressing the controlling question of law, Appellants argued that there are no legal or public policy considerations for why the same rule should

2

not apply in the reverse situation—namely, to unnamed Plaintiffs.   Appellees file no response to any of Appellants' arguments on these points.

Second, Appellees' position that this case involves simple, well-established principles of agency law (and therefore fact questions) is derailed by the many cases that applied the protections of a release to an unnamed *defendant*.   In those cases, the courts never entertained or even addressed questions of agency; they simply evaluated—as a matter of law—a defendant's connection to a specifically enumerated party in the release.

For example, in *Winkler v. Kirkwood Atrium Office Park*, 816 S.W.2d 111, 114 (Tex. App.—Houston [14th] 1991, writ denied), the defendants moved for summary judgment based upon a release executed by the plaintiff.  The trial court granted defendants' summary judgment.  In affirming the trial court, this Court of Appeals eschewed any examination of the defendants' agency relationship with the release signatory (the Club) in favor of a "connection" test:

> The summary judgment evidence is undisputed that the Mac Haik defendants 'participate[d] in the design, planning, construction, staffing, or supervision of the club, and were involved in the 'inspection of the procedures or practices of the premises staff.'  In releasing "the Club" from any injuries suffered while participating in the center's programs, it is clear that Winkler intended to release any claim against all individuals and entities involved in the operation, maintenance, and administration of the center.

*Id*.  Simply because the defendants were connected to the Club's "operation, maintenance, and administration," they were protected by the release as a matter of

3

law. The court did not consider the defendants' agency relationship with the Club, did not delve into fact questions, and did not reverse the trial court's decision to award defendants judgment as a matter of law based solely on their release argument. Giving in to Appellees' position now means that this Court must reverse prior precedent and upending finality in favor of never-ending litigation.

This "connection" test was also used by the court in *Vera v. North Star Dodge Sales, Inc.*, 989 S.W.2d 13, 18 (Tex. App.—San Antonio 1998, no pet.). There, in determining whether certain unnamed defendants were protected by a release, the court ignored the defendants' agency relationship with the actual signatory of the release in favor of the "connection" test. Instead, the court held that:

> It is clear that, the release of "North Star Dodge" from any liability associated with the sale of the Mazda also released the North Star Dodge employees associated with that sale. Under the circumstances, the connection of Powers and Hall with North Star Dodge and sale of the Mazda is apparent. Therefore, the release encompasses Higinio's claims against North Star Dodge as well as his claims against North Star Dodge employees involved in the sale of the Mazda.

*Id*. Again, the court's resolution of whether the defendants were subject to the release did not depend on any questions of agency. It simply depended on their "connection" to the event in question.

The court in *Dyrcz v. Longview Enterprise, Ltd*. adopted the same test. There, the plaintiff signed a release in favor of Graham Central Station and its

4

"partners, agents and employees." *Dyrcz*, 2:05-CV-476, 2006 WL 3289046, at *1 (E.D. Tex. Nov. 13, 2006), aff'd sub nom. *Dyrcz v. Graham Bros. of Longview, LLC*, 234 Fed. Appx. 236 (5th Cir. 2007). Longview Enterprise, Graham Central Station's parent company, moved for summary judgment on the basis of the release. *Id*. The court, in granting Longview Enterprise summary judgment, noted that:

> The acting management and staff of Graham Central Station were actually employed by Longview Enterprises, which is similar to the *Winkler* [*v. Kirkwood Atrium Office Park*] defendants' involvement with "the Club." Therefore, by releasing Graham Central Station, it is clear that Plaintiff intended to release any claim against all individuals and entities involved in the operations and activities of Graham Central Station, which would include Mr. Atnip and his employer, Longview Enterprise.

*Id*.

These cases dispel Appellees' argument that this appeal simply involves ordinary questions of agency. In extending the protection of a release to unnamed defendants as a matter of law, these courts were not consumed with defining the scope of the defendant's agency relationship with the enumerated party. Instead, the courts merely confirmed that particular defendant's **connection to** a specifically-enumerated party in the release. And that makes complete legal, equitable, and policy sense. Rifling through a series of fact questions in the context of a release defeats the very purpose of a release—finality. This Court

5

cannot, as a matter of policy, establish an intrusive factual inquiry as the new standard for Texas' release jurisprudence.

Thus, this appeal does not involve ordinary questions of agency law. Appellants contend that the controlling issue of law is "whether a plaintiff not specifically named, but nonetheless encapsulated by the categories of defined persons or parties in a release, is so connected to the subject matter giving rise to a release and to the signatories of a release that it, too, is bound by the release." (See Appellants' Petition for Permissive Interlocutory Appeal, p. 12). With respect to the inverse question—the application of releases to unnamed defendants—the position of the courts is clear: agency relationships are irrelevant. The only relevant inquiry is the Appellees' "connection" to a party specifically enumerated by the release. Appellees have advanced no arguments for why the same rule is inapplicable to unnamed plaintiffs.

Applying this "connection" test to the case at hand, Appellees are bound as a matter of law by the release. Both Garner and Avant are intimately connected to signatories of the mutual release. It is undisputed that Avant procured a rental insurance policy for Sterling—a signatory to the Mutual Release—with respect to Sterling's tenancy with Appellees, and that Avant occupied the space rented by Sterling. There is also no dispute that Sterling managed Avant's non-medical business dealings, which Appellee Garner admitted in his affidavit. And finally,

6

Garner is an officer of both Sterling and Nisal, signatories to the mutual release. It is without dispute then that an intimate relationship existed between Sterling and Avant and between Garner as an officer of Sterling and Nisal. They, like Nisal and Sterling, are bound by the Mutual Release.

## II.    This Appeal Would Materially Advance the Ultimate Termination of the Litigation.

Appellees also claim that Appellants' petition for permissive interlocutory appeal should be denied because the appeal would not materially advance the ultimate termination of this litigation. After all, Appellees argue, there are still disputed questions of fact relating to the Appellees' agency relationship.

As discussed above, this appeal does not involve any questions of fact related to Appellees' agency relationships. In fact, this appeal would not involve any agency questions at all. Instead, as a matter of law, the Court must simply determine whether Appellees are so "connected" with the Mutual Release signatories that they, too, are bound by the Mutual Release. If the Court resolves that question in the affirmative, then Appellees are bound by the Mutual Release, and Appellants are entitled to final summary judgment.

An appeal, therefore, would materially advance the ultimate termination of this case.

## CONCLUSION

Because the controlling question of law does not rely on any question of agency law, there exist substantial grounds for disagreement as to whether a plaintiff not specifically named is so connected to the parties and to the subject matter of a release that it, too, is bound by the release. Appellants respectfully request this Court to grant its petition for permissive appeal and all other relief to which it is entitled at law or equity.

Date: May 12, 2015

Respectfully submitted,

**MAHENDRU, P.C.**

By: _____

Ashish Mahendru
Texas Bar No. 00796980
Darren A. Braun
Texas Bar No. 24082267
639 Heights Boulevard
Houston, Texas 77007
(713) 571-1519 (Telephone)
(713) 651-0776 (Facsimile)
amahendru@thelitigationgroup.com
dbraun@thelitigationgroup.com

**ATTORNEYS FOR APPELLANTS**

8

## **CERTIFICATE OF COMPLIANCE**

This document complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Rule 9.4(i)(2)(B) because it contains **1,693** words, excluding any parts exempted by Rule 9.4(i)(1).

_____
Ashish Mahendru

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Appellants' Reply to Appellee's Response to Appellant's Petition for Permissive Interlocutory Appeal was served on the following counsel of record on the 12th day of May, 2015 via email:

Matias J. Adrogué                    *via email: mja@mjalawyer.com*
Robert Stephan Kaase
1629 West Alabama St.
Houston, Texas 77006
1629 West Alabama St.
Houston, Texas 77006
713-425-7270 (p)
713-425-7271 (f)
*Counsel for Plaintiffs/Appellees*


William P. Huttenbach          *via email: whuttenback@hirschwest.com*
State Bar No. 24002330
Jacob M. Stephens
State Bar No. 24066143
Hirsch & Westheimer
1415 Louisiana, 36th Floor
Houston, Texas 77002
(713) 223-5181 (Main)
(713) 223-9319 (Fax)
*Counsel for Defendant Compass Bank*


_____
Ashish Mahendru

10